## Mears's Estate.

*Scott Seddon, Andrew R. McCown* and *Frederic L. Clark,* for next of kin, exceptants.

*R. Sturgis Ingersoll,* contra.

GEST, J., July 19, 1929.—The Auditing Judge has discussed the interesting question raised in this case in a very careful adjudication, and we are satisfied that his award of the residuary estate was correctly made.

It is very clear, and is, indeed, conceded, that the bequest of the residuary estate of the testator is for a charitable use. The next of kin of the testator contend, however, that the bequest, which is in terms given to the President and Fellows of Harvard University, is conditioned upon its acceptance by the legatee, and as the legatee has declined to accept it, the testator has died intestate with respect to his residuary estate, or, perhaps, it should be more accurately stated, a resulting trust ensues for the benefit of the next of kin.

The bequest of the residuary estate was declined by the President and Fellows of Harvard University, who stated in their resolution on Nov. 29, 1926, that they felt that the corporation would be unable to apply the legacy in accordance with the desires of the testator.

We discover no ground for the argument that this is a conditional legacy such as was bequeathed in The Domestic and Foreign Missionary Society's Appeal, 30 Pa. 425; White's Estate, 174 Pa. 642; Seagrave's Appeal 125 Pa. 362, and Cherry *v.* Mott, 1 Mylne & Craig, 123. Of course, the will clearly expresses an intention to make a gift to Harvard University, to be used for a special purpose, but this does not make it a gift on condition. Harvard Uni-

versity is not the object of the trust, but merely the instrument to carry it into effect. This is the simple case of a bequest to a certain corporation in trust for a charitable use, which, for reasons satisfactory to the trustee, has been declined. If a trustee so declines to accept the trust and act, the charitable use is not destroyed or affected in any way by such a renunciation. The court will not allow the trust to fail for want of a trustee, but will appoint a substituted trustee under section 56 (b) of the Fiduciaries Act of 1917, and the Auditing Judge, in the exercise of his judicial discretion, in which we concur, awarded the legacy to the Jefferson Medical College and ordered security to be entered in the sum of $75,000, conditioned upon the performance of its duties as such trustee.

We do not see any reason in this case for the application of the *cy pres* doctrine in the present circumstances of the case. The purpose of the charitable gift has not failed; it is not so vague or imperfect as to be incapable of execution, nor is it impossible to carry it into effect. The *cy pres* provisions of the Act of May 23, 1895, P. L. 114 [amending and re-enacting the Act of April 26, 1855, § 10, P. L. 328], therefore, need not especially concern us. The authority given by this act to appoint a trustee is a different matter.

Prior to this act it would seem that the Orphans' Court did not have statutory authority in the case of a charitable trust to appoint a trustee where none existed, or where the objects of the charity depended upon the discretion of the last trustee. The Act of 1855 corrected this, and, moreover, provided for the application of the *cy pres* doctrine in order to carry into effect the intent of the testator where the objects of the trust were indefinite, uncertain or ceasing, etc., but section 56 (b) of the Fiduciaries Act, above mentioned, which is new in that act, provided generally for the appointment of a testamentary trustee in all cases when an entire vacancy existed. The provisions of the Act of 1855, above mentioned, are severable and should not be confused. In other words, the appointment of a trustee for a charity, when no trustee exists, is not in exercise of the *cy pres* power of the court.

It is advisable for us, in this connection, to refer to the resolution of Jefferson Medical College, setting forth the methods by which it proposed to carry out the provisions of the trust, which the Auditing Judge stated met with his approval. We are of opinion that it is premature at the present time for the trustee to state in detail its proposed administration of the trust or for this court to direct or advise it concerning the same. The will speaks for itself, and it will be the duty of the trustee to carry it out, and of this court to see that this is done. At the argument of the case before the bar of the court, the learned counsel for the Jefferson Medical College stated categorically, in answer to the inquiry of the court, that the trust was accepted according to the directions of the will. The Auditing Judge required security to be entered by the trustee, and directed it to file an account at the expiration of five years showing its administration of the trust, and at the audit thereof the court may determine whether the trust has been fulfilled in the manner intended by the testator, or whether it is necessary to invoke the *cy pres* jurisdiction of the court. A similar order was made in James's Estate, 9 D. & C. 639.

The exceptions are dismissed and the award made by the Auditing Judge is confirmed absolutely.

LAMORELLE, P. J., and VAN DUSEN, J., absent.